**FILED**

**DEC 2 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kareemah Bell-Boston, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 2062 |
| ) | |
| Capital Hill Hyatt Regency, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on consideration of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application, and dismiss the complaint.

Plaintiff seeks "a trial date, asking the panel of judges if they consider my living situation disfunctional." (Compl. at 1.) Federal district courts are authorized to decide only cases or controversies and they do not render advisory opinions or decide questions that cannot affect the rights of litigants in the case before them. *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997). Thus, this Court cannot entertain a case for the purpose of determining whether a person's living situation is dysfunctional.

The complaint also relates a situation where plaintiff asked, and was permitted to, use the ladies' room at the Capital Hill Hyatt Regency. After a while, security officers questioned her, and allowed her to make a telephone call from the public pay phone there. The complaint then concludes that she was "barred . . . for one year" from the hotel. (Compl. at 1.)



3

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. Here, however, the complaint does not explicitly identify a basis for this Court's jurisdiction and, as plaintiff does not identify herself as a member of a protected class, the complaint does not identify a claim arising under the laws of the United States or otherwise provide sufficient information for the Court to discern a basis for its jurisdiction. Federal district courts also have jurisdiction over civil actions in matters where the controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. §1332(a). But here, the parties appear to reside or conduct business in the same district, and plaintiff does not establish claim that the matter in controversy exceeds $75,000. Accordingly, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction. An appropriate order accompanies this memorandum opinion.

_____
United States District Judge

Date: 11/24/08